UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

WINDY LUCIUS,

    Plaintiff,

v.

AYESHA INDIAN CUISINE LLC,
AYESHA FINE DINING, INC. and
SAFFRON FINE DINING LLC
d/b/a Ayesha Group, Ayesha Group Miami

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Windy Lucius hereby sues Defendant Ayesha Indian Cuisine LLC, Defendant Ayesha Fine Dining, Inc. and Defendant Saffron Fine Dining LLC for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

1. Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

2. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See* also 28 U.S.C. § 2201 and § 2202.

3. Plaintiff Windy Lucius ("Plaintiff") is a Florida resident, lives in Miami-Dade County, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff

is legally blind and a member of a protected class under the ADA, 42 U.S.C. §§ 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

    4.    Plaintiff uses the internet and a mobile device to help her navigate a world of goods, products and services like the sighted. The internet, websites and mobile applications provide him a window into the world that she would not otherwise have. She brings this action against Defendants for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) that is not fully accessible and independently usable by visually impaired consumers. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired.

    5.    Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

    6.    As identified within the mobile website https://ayeshagroupmiami.com, there are four upscale Indian cuisine restaurants located within Miami Dade county which are operating under the "Ayesha Group Miami" brand. Each of these four restaurants are open to the public, therefore each is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(B), §12182, and 28 C.F.R. §36.104(2). These Ayesha Group Miami restaurants are also referenced herein as "place(s) of public accommodation."

7. Defendant Ayesha Indian Cuisine LLC (also referenced as "Defendant Ayesha Indian") is a Florida limited liability company which is the owner and operator of the Ayesha Midtown restaurant which is located at 120 Buena Vista Boulevard, Miami, Florida 33127. Defendant Ayesha Indian is defined as a "Public Accommodation" within meaning of Title III because Defendant Ayesha Indian is a private entity which owns and/or operates "[A] restaurant, bar, or other establishment serving food or drink," 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

8. Defendant Ayesha Fine Dining, Inc. (also referenced as "Defendant Ayesha Fine Dining") is a Florida for-profit corporation which is the is the owner and operator of Ayesha Palmetto Bay restaurant which located in Palmetto Bay at 14151 South Dixie Highway, Miami, Florida 33176. Defendant Ayesha Fine Dining is defined as a "Public Accommodation" within meaning of Title III because Defendant Ayesha Fine Dining is a private entity which owns and/or operates "[A] restaurant, bar, or other establishment serving food or drink," 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

9. The Ayesha Key Biscayne restaurant is located on Key Biscayne at 328 Crandon Boulevard, Key Biscayne, Florida 33149. On information and belief, Ayesha Key Biscayne is owned and/or operated by either Defendant Ayesha Indian or Defendant Ayesha Fine Dining.

10. Defendant Saffron Fine Dining LLC[1] (also referenced as "Defendant Saffron") is a Florida limited liability company which is the owner and operator of the Saffron at Grove restaurant which located in Coconut Grove at 29682 Grand Avenue, Mami, Florida 33133. Defendant Saffron is defined as a "Public Accommodation" within meaning of Title III because Defendant Saffron is a private entity which owns and/or operates "[A] restaurant, bar, or other

---

[1] Defendant Saffron is also the registered owner of the fictious name "Ayesha Group" which is featured in the mobile website as Ayesha Group – Miami.

3

establishment serving food or drink," 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

11. On information and belief, subsequent to the effective date of the ADA, Defendant Ayesha Indian, Defendant Ayesha Fine Dining and Defendant Saffron jointly constructed, or caused to be constructed, the https://ayeshagroupmiami.com mobile website (hereinafter "mobile website") for the general public to access on their mobile devices (phones, tablets). The mobile website combines Ayesha Midtown, Ayesha Palmetto Bay, Ayesha Key Biscayne and the Saffron at Grove restaurants under the umbrella of "Ayesha Group Miami." This mobile website supports, is an extension of, is in conjunction with, is complementary and supplemental to Defendant Ayesha Indian, Defendant Ayesha Fine Dining and Defendant Saffron's respective restaurants which are specifically featured on that mobile website. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at each of the identified Ayesha Group Miami restaurant's physical locations.

12. The mobile website is offered by Defendants as a way for the public to become familiar with Ayesha and Saffron at Grove restaurant locations, hours of operation and menu selections. The mobile website also provides a link to reserve a table for dining within each of the restaurant locations, and provides a link to reserve restaurant space/accommodations for parties and to order catering services. In addition, the public can order "to go" menu items and have that food delivered using a variety of mobile delivery services. The mobile website also provides other information the Defendants seek to communicate to the public. By the provision of menu selection, reservation services for dining and parties, a link to order catering, and the ability to order food 'to-go,' the mobile website is an integral part of the goods and services offered by Defendants. By this nexus, the mobile website is characterized as a Place of Public Accommodation to Title III of

the ADA[2], 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

13. Defendants' mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device. As such, Defendants have subjected themselves to the ADA because their mobile website is offered as a tool to promote, advertise and sell Defendants' products and services from their brick-and-mortar restaurant locations, each of which is a place of public accommodation. As a result, Defendants' mobile website must interact with its restaurants and the public, and in doing so must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.[3]

14. Defendants' mobile website does not properly interact with the VoiceOver screen reader software technology in a manner that allows blind and visually impaired individuals to comprehend the mobile website and does not provide other means to accommodate blind and visually impaired individuals.

15. Plaintiff has attempted to "test" and/or patronize Defendants' mobile website in the past and intends to continue to make further attempts to "test" and/or patronize Defendants' mobile website. Like the seeing community, she would like the opportunity to be able to use Defendants' mobile website to comprehend menu selections for each of the Ayesha Group Miami restaurant

---

[2] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." (See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

[3] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

locations, make reservations to dine and to consider the Ayesha Group restaurants for catering parties and events. However, unless Defendants are required to eliminate the access barriers at issue and required to change their policies so that access barriers do not reoccur, Plaintiff will continue to be denied full and equal access to the mobile website as described and will be deterred from fully using Defendants' mobile website or dining at the Ayesha Group Miami restaurant locations, all of which are located within this district.

16. Plaintiff intends to monitor the mobile website in the near future, as a tester, to ascertain whether it has been updated to interact properly with VoiceOver screen reader software.

17. Plaintiff is continuously aware of the violations on Defendants' mobile website and is aware that it would be a futile gesture to attempt to utilize Defendants' mobile website as long as those violations exist unless she is willing to suffer additional discrimination.

18. Defendants and alike restaurants are fully aware of the need to provide full access to all visitors to their mobile website as such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired and result in punishment and isolation of blind and low vision individuals from the rest of society.

19. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is her only means to secure adequate redress from Defendants' discriminatory practice.

20. Notice to Defendants is not required as a result of Defendants' failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

21. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this

6

cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205 and 28 CFR 36.505.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

22. The ADA and implementation of ADAAG requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

23. According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

24. 28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

25. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

26. Defendants' mobile website has been designed to integrate with the four Ayesha Group Miami brick-and-mortar restaurant locations through provision of a reservation service and the provision of a to-go order service; therefore, the mobile website is an extension of each of the Defendants' respective Places of Public Accommodation (Ayesha Midtown, Ayesha Palmetto

Bay, Ayesha Key Biscayne and Saffron at Grove). By and through their mobile website, Defendants have extended their respective restaurant locations into individual persons' homes and portable devices wherever located. The mobile website is a service, facility, privilege, advantage, benefit and accommodation of Defendants' Places of Public Accommodation. As such, Defendants' mobile website is integrated with, and is a nexus to, their Ayesha Group Miami brick-and-mortar locations. Therefore, it is governed by the following provisions:

    a.    U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

    b.    42 U.S.C. Section 12182(b)(1)(A)(i) provides: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity[.]"

    c.    42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals[.]"

    d.    42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good,

service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others[.]"

   e. 42 U.S.C. Section 12182(b)(1)(B) provides: "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

   f. 42 U.S.C. Section 12182(b)(1)(C) provides: "Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different."

   g. 42 U.S.C. Section 12182(b)(2)(ii) describes as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]"

   h. 42 U.S.C. Section 12182(b)(2)(iii) describes as discrimination: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]"

27. Plaintiff attempted to access and/or utilize Defendants' mobile website, but was unable to, and she continues to be unable to enjoy full and equal access to the mobile website and/or understand the content therein because numerous portions of the mobile website do not interface with VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to VoiceOver screen reader software users include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

   i. Guideline 1.3.1 Info and Relationships is violated. Mobile VoiceOver screen reader software users are unable to make a reservation. When focus moves to the date picker, mobile VoiceOver screen reader software users hear the month and year, but before the day is announced, focus moves to the bottom of the page and instructions are announced. The instructions for selecting a date only pertains to keyboard users, and mobile instructions are not included. After instructions are announced, the focus moves again, but this time it moves to hidden elements beneath the date picker. As mobile VoiceOver screen reader software users continue to "swipe," focus moves to elements not shown onscreen so mobile VoiceOver screen reader software users are unable to get back to the date picker.

   ii. Guideline 2.4.3 Focus order: The site is required to provide focus in a logical order and this has been violated. The main menu icon is not announced to mobile VoiceOver screen reader software users. Focus skips from the logo to the page content and the icon is not announced. Mobile VoiceOver screen reader software users do not hear any of the menu content so they cannot easily skip to each section.

   iii. Guideline 3.3.2 Labels or Instructions is violated. For example, the reservation widget has multiple unlabeled elements that receive focus and are announced so mobile VoiceOver screen reader software users must swipe through each one, but they do not hear labels that are descriptive. For example, each field has a chevron. Each chevron receives focus independently of the specific field and is announced as only "m." The calendar icon is announced as "d," the time icon is announced only as "t" and the people icon is announced as just "p."

   iv. Guideline 4.1.2 Name, Role, Value is violated. All elements must be accessible, and this is not the case within Defendants' mobile website. For example, location pages have an interactive walkthrough that shows the interior of each restaurant. These walkthroughs are not accessible to mobile VoiceOver screen reader software users, as nothing is announced when the play button is pushed. Unlabeled images are present and none of the images or content is announced. Vision impaired individuals could benefit from interactive features which allow them to explore and measure spaces prior to visiting the subject restaurants, but this is not provided due to the violation of Name, Role, and Value.

28. As the collective owners and/or operators of the Ayesha Group Miami restaurant

mobile website, Defendants are required to comply with the ADA and the provisions cited above. This includes Defendants' obligation to create and maintain a mobile website that is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to their mobile website and the content therein, including the ability to make a reservation to dine within the Ayesha Midtown, Ayesha Palmetto Bay, Ayesha Key Biscayne and Saffron at Grove restaurants and to order food "to go" from those locations and have that food delivered to their homes.

29. With respect to their mobile website, Defendants have violated the ADA by failing to interface their mobile website with VoiceOver screen reader software utilized by visually impaired individuals (as specifically delineated within paragraph 27) either directly or through contractual, licensing or other arrangements. Defendants' violations have resulted in Defendants' joint and several denial of accommodation to Plaintiff in the basis of her disability:

a. by depriving Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation (42 U.S.C. § 12182(a));

b. in the denial of providing Plaintiff the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(1)(A)(i));

c. in failing to afford Plaintiff the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

d. by providing Plaintiff a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals (unless such action is necessary to provide the individual or class of individuals with a good, service,

facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others) (42 U.S.C. § 12182(b)(1)(A)(iii));

    e.    by failing to afford Plaintiff goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to the needs of the disabled individual (42 U.S.C. § 12182(b)(1)(B));

    f.    notwithstanding the existence of separate or different programs or activities provided in accordance with this section, by denying Plaintiff the opportunity to participate in such programs or activities that are not separate or different. (42 U.S.C. § 12182(b)(1)(C));

    g.    by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities (unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations) (42 U.S.C. § 12182(b)(2)(ii)); and,

    h.    by a failure to take such steps as necessary to ensure that disabled individuals are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services (unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden) (42 U.S.C. § 12182(b)(2)(iii)).

30.    Plaintiff continues to attempt to utilize Defendants' mobile website and/or plans to continue to attempt to utilize that mobile website to review the "to go" menus for the four restaurant locations, to make online reservations for dining within the four restaurants which a part of the Ayesha Group Miami mobile website, and to inquire about catering and party events.

31. Plaintiff is continuously aware of the violations within Defendants' mobile website and is aware that it would be a futile gesture to attempt to utilize that mobile website as long as those violations exist unless she is willing to suffer additional discrimination.

32. Plaintiff has suffered (and continues to suffer) frustration and humiliation as the result of the discriminatory conditions present within Defendants' mobile website. By continuing to operate their mobile website with discriminatory conditions, Defendants continue to contribute to Plaintiff's sense of isolation and segregation and to deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations Defendants make available to the general public. By encountering the discriminatory conditions within Defendants' mobile website and knowing that it would be a futile gesture to attempt to utilize the mobile website unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and is deterred and discouraged from doing so. By maintaining a mobile website with violations, Defendants have deprived (and continue to deprive) Plaintiff the equality of opportunity offered to the general public.

33. Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendants' discrimination until Defendants are compelled to comply with the requirements of the ADA and conform their mobile website to WCAG 2.1 Level A and AA Guidelines.

34. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendants' non-compliance with the ADA with respect to their mobile website. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by Defendant. Plaintiff desires to access the mobile website to avail herself

of the benefits, advantages, goods and services therein, and/or to assure herself that this mobile website is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the mobile website without fear of discrimination.

35. Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

36. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendants to alter their mobile website to make it readily accessible to and usable by Plaintiff and other persons with vision impairments.

**WHEREFORE,** Plaintiff Windy Lucius hereby demands judgment against Defendant Ayesha Indian Cuisine LLC, Defendant Ayesha Fine Dining, Inc. and Defendant Saffron Fine Dining LLC and requests the following injunctive and declaratory relief:

a. The Court issue a Declaratory Judgment that determines that Defendants' mobile website is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b. The Court issue a Declaratory Judgment that Defendants have violated the ADA by failing to monitor and maintain its mobile website to ensure that it is readily accessible to and usable by persons with vision impairment;

c. The Court issue an Order directing Defendants to alter their mobile website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

d. The Court issue an Order directing Defendants provide the appropriate auxiliary

       aids such that individuals with visual impairments will be able to effectively communicate with their mobile website for purposes of comprehending Ayesha Midtown, Ayesha Palmetto Bay, Ayesha Key Biscayne and Saffron at Grove restaurant menu selections, ordering food "to go" and having that food delivered to their homes and communicating with the Ayesha Group Miami restaurants with respect to catering and party reservations, and during that time period prior to the mobile website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendants to provide an alternative method for individuals with visual impairments to effectively communicate so that disabled individuals are not impeded from obtaining the goods and services made available to the public through Defendants' mobile website.

e. The Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

f. The Court enter an Order directing Defendants to continually update and maintain their mobile website to ensure that it remains fully accessible to and usable by visually impaired individuals;

g. The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

h. The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: March 7, 2022

        Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
cc@cunninghampllc.com